UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>NICHOLAS E. PURPURA,<br><br>Debtor. | Civil Action No. 23-99 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Debtor, Nicholas E. Purpura's ("Purpura") appeal of a bankruptcy court order granting in rem stay relief, dismissing the bankruptcy case, and dismissing the adversary proceeding. (*See* Notice of Appeal, ECF No. 1.) Purpura also filed an Emergent Motion for Reinstatement of Stay of Sale of Home Pending Appeal.[1] (ECF No. 2.) On May 19, 2023, the Court entered a text order notifying Purpura that he had seven days from the issuance of the text order to file the required Designation of Record and denying Purpura's Motion for Reinstatement pending the filing of the Designation of Record. (ECF No. 6.) Purpura filed the Designation of Record on May 31, 2023, noting that he did not receive the text order until May 24, 2023. (*See* ECF No. 7.) Appellee, JPMorgan Chase Bank, N.A. ("Chase") has not opposed Purpura's Motion for Reinstatement. After consideration of Purpura's submissions, the Court decides the Motion for Reinstatement without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, the Court denies Purpura's Motion and dismisses the appeal.

In the appeal, Purpura seeks relief that has been requested and denied on numerous occasions, in state court, bankruptcy court, and this court. *See e.g.*, *Purpura v. JP Morgan Chase*

---

[1] Moreover, Purpura filed a "Request for Substitution of Judge [b]y Right Pursuant to [Federal Rule of Civil Procedure] 63." (ECF No. 3.) The Court notes that Rule 63 governs a *judge's* inability to proceed. It does not provide a litigant the right to automatically substitute a judge, as Purpura seems to argue. (*See* Fed. R. Civ. P. 63 ("If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties.").)

*Bank, NA*, No. 20-8259, 2021 WL 1196687 (D.N.J. Mar. 30, 2021). At the heart of his appeal, Purpura disputes the "authenticity or validity of the [u]nauthenticated, forged documents submitted by Chase" related to the foreclosure of his real property (the "Property"). (Purpura's Moving Br. *4, ECF No. 2.)² As outlined below, however, the issue of the validity of Chase's mortgage has already been litigated.

Purpura first filed a lawsuit in this Court alleging that Chase could not enforce the loan documents related to the Property. (*See Purpura v. JP Morgan Chase*, No. 16-3765 (D.N.J. 2016) ("Purpura I"), Compl., ECF No. 1; *see also* Bankr. Letter *3, ECF No. 1-3.) This Court dismissed the complaint and the amended complaint (Purpura I, Am. Compl., ECF No. 44), and the Third Circuit upheld the dismissals. (Purpura I, ECF Nos. 42, 67, 77; Bankr. Letter *3.) While the District Court case was ongoing, Chase filed a state court foreclosure action against Purpura. (*See JP Morgan Chase Bank v. Purpura*, No. 15246-18 (N.J. 2018) ("State Court Action"); Bankr. Letter *3.) The state court judge found that Chase properly obtained the subject loan for the Property, and the Court ultimately entered final judgment in favor of Chase. (*See* State Court Action, Trans. ID CHC2019338290; Bankr. Letter *3-4.)

In accordance with the state court judgment, a sheriff's sale was scheduled for January 2020. (*See In re Nicholas E. Purpura*, No. 20-11243 (Bankr. D.N.J. 2020) ("Chapter 7 Case"), Pet. *6, ECF No. 1) ("I am trying to save my house from fraudulently[-]induced foreclosure. Thereby, I decided to file Bankruptcy at the last minute."); Bankr. Letter *4.) On the eve of the sheriff's sale, Purpura filed a Chapter 7 bankruptcy petition listing Chase as an unsecured creditor. (Chapter 7 Case, Pet. *28; Bankr. Letter *4.) Purpura filed an adversary proceeding against Chase attempting to litigate the same issues from the State Court Action—namely, the legitimacy of

---

² Page numbers preceded by an asterisk represent page numbers atop the ECF header.

Chase's ownership of the loan. (*Purpura v. JP Morgan Chase Bank NA*, No. 20-1155 (Bankr. D.N.J. 2020) ("Adversary Proceeding"); Bankr. Letter *4.) Chase filed a motion to dismiss the adversary proceeding on the bases of the *Rooker-Feldman* doctrine, collateral estoppel, *res judicata*, and the Anti-Injunction Act (*see* Adversary Proceeding *1-3, ECF No. 5; Bankr. Letter *4), and the bankruptcy court granted the motion (Adversary Proceeding *2, ECF No. 11; Bankr. Letter *4.) Purpura moved for reconsideration, which was denied, and he then appealed to the District Court, which affirmed. (Adversary Proceeding, ECF Nos. 14, 21, 25, 47; Bankr. Letter *4.) Purpura then appealed that decision to the Third Circuit, which also affirmed. (Adversary Proceeding, ECF Nos. 48, 49; Bankr. Letter *4.)

A sheriff's sale was again scheduled. (Bankr. Letter *4.) On the eve of the new sheriff's sale, Purpura filed the Chapter 13 bankruptcy petition, which is the subject of this appeal. (*See In re Nicholas E. Purpura*, No. 22-16438 (Bankr. D.N.J. 2022) ("Chapter 13 Case"), Pet., ECF No. 1; Bankr. Letter *4.) The only claims Purpura lists in the Chapter 13 bankruptcy are related to the Property he is seeking to keep. (*See generally* Chapter 13 Case, Pet.) The bankruptcy court found that Purpura filed the Chapter 13 bankruptcy "solely to re-litigate issues which have been previously decided through litigation in both state and federal district and bankruptcy courts over the last seven years." (Bankr. Letter *1-2.) The bankruptcy court, accordingly, terminated the automatic stay as to Chase's interest in the Property, denied confirmation of Purpura's Chapter 13 Bankruptcy Plan, dismissed the bankruptcy, and dismissed the adversary proceeding (the "Bankruptcy Order"). (Bankr. Order *3, ECF No. 1-2.)

Purpura now appeals the Bankruptcy Order to this Court. A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R.

3

147, 157 (D.N.J. 2005). Findings of fact are reviewed under a "clearly erroneous" standard, where factual findings may only be overturned "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (internal quotations and citation omitted). Legal conclusions, on the other hand, are subject to *de novo*, or plenary, review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

It is well-settled that *pro se* pleadings are to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'"). *Pro se* litigants, nevertheless, "still must allege sufficient facts in their complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, the Court must affirm the Bankruptcy Order. As an initial matter, Purpura does not include any information in his moving brief that demonstrates that the bankruptcy court erred in either a finding of fact or a conclusion of law that the Court should consider. (*See generally*, Purpura's Moving Br.) Even considering Purpura's previous arguments on the merits, however, the Court agrees with the bankruptcy court that Purpura's bankruptcies—both his Chapter 7 and Chapter 13 petitions—appear to be filed in an effort to keep the Property rather than for the legitimate purpose of bankruptcy. (*See* Bankr. Letter *6 ("The [bankruptcy c]ourt takes this argument to essentially be a concession that . . . Purpura filed the present Chapter 13 to induce

Chase to file a proof of claim, which he could then object to using the same legal theories that have been repeatedly rejected. This is not the purpose of a bankruptcy filing.").)

The Court, furthermore, has already found that the arguments that Purpura makes in his bankruptcy and associated adversary proceeding are barred by the *Rooker-Feldman* doctrine, collateral estoppel, and *res judicata*. *See Purpura*, 2021 WL 1196687, at *3-5 ("Having found that all four elements are met, the Court finds that the bankruptcy court correctly concluded the *Rooker-Feldman* doctrine bars Purpura's claims").

**IT IS**, therefore, on this 6th day of June, 2023 **ORDERED** that:

1. Purpura's Emergent Motion for Reinstatement of Stay (ECF No. 2) is **DENIED**.
2. Purpura's Appeal (ECF No. 1) is dismissed.
3. The Clerk of Court shall close this case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE